# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 18, 2012 Session

## JONATHAN ADAMS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 95646      Bob R. McGee, Judge**

**No. E2012-00297-CCA-R3-PC-FILED-MARCH 21, 2013**

The Petitioner, Jonathan Adams, appeals as of right from the Knox County Criminal Court's denial of his petition for post-conviction relief. Following his direct appeal, the Petitioner, with the assistance of counsel, filed an untimely petition for post-conviction relief challenging the performance of trial counsel. Although the issue of timeliness was raised by the parties, the post-conviction court addressed the petition on the merits and denied relief. On appeal, the Petitioner contends that his petition was timely filed, alleging two alternative dates as supplying the requisite final action of this court for purposes of the post-conviction one-year statute of limitations: (1) the date the corrected judgments were filed in accordance with this court's order on remand; or (2) the date this court's mandate was filed. Having reviewed the record, the briefs of the parties, and the applicable law, we hold that the final action of this court was the filing date of its opinion on direct appeal, and therefore, the post-conviction petition was filed outside of the applicable one-year limitations period. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Keith E. Lowe, Knoxville, Tennessee, for the appellant, Jonathan Adams.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

This case aries from the March 25, 2003 home invasion at the residence of Rhonda Robinson, during which Robinson's twelve-year-old son, Cody Thomas, was shot to death. The Petitioner was indicted, along with co-defendants Kenneth Daniel Hunter and Christopher Shawn Stidham, on two counts of first degree felony murder (with the underlying felonies of burglary and robbery) and one count each of especially aggravated robbery, aggravated robbery, and especially aggravated burglary. The defendants' cases were severed, with the Petitioner being the only defendant of the three who did not plead guilty. Following a jury trial, the Petitioner was convicted as charged. A full recitation of the facts at trial may be found in this court's opinion on direct appeal. See State v. Jonathan Lee Adams, No. E2008-00400-CCA-R3-CD, 2009 WL 2176577, at *1-4 (Tenn. Crim. App. July 22, 2009). After merging the two felony murder convictions, the trial court sentenced the Petitioner to consecutive terms of life in prison for the felony murder and twenty years for the especially aggravated robbery; the trial court imposed concurrent sentences for the other convictions.

The Petitioner appealed to this court. On appeal, the Petitioner argued that the trial court improperly imposed consecutive sentences and that he was improperly convicted of especially aggravated burglary when the element of serious bodily injury was an element of both especially aggravated robbery and especially aggravated burglary. In an opinion issued on July 22, 2009, we agreed with the Petitioner on both claims. Id. at *1. Thus, we reversed the Petitioner's conviction for especially aggravated burglary and remanded the case to the trial court with instructions to impose concurrent sentences for all convictions, to enter a judgment of conviction for aggravated burglary, and to impose a three-year sentence as to that offense. Id. Neither party sought permission to appeal to the Tennessee Supreme Court. See Tenn. R. App. P. 11. This court issued its mandate on September 28, 2009.

The Petitioner, with the assistance of counsel, filed a petition for post-conviction relief on September 27, 2010, alleging therein various claims of ineffective assistance of counsel. In an amended petition, the Petitioner submitted that the petition was timely filed being "filed within a year of the final action of the Court of Criminal [A]ppeals, and also as it was filed within one year of the date the [j]udgment became final in docket number 78[3]56." The Petitioner alleged that the July 22, 2009 opinion of this court modifying the Petitioner's convictions and sentences "became an enforceable mandate and was sent to the Knox County Criminal Court Clerk after the expiration of the sixty[-]four[-]day stay." After filing an answer addressing the Petitioner's claims, the State filed an amended answer arguing that the petition was not timely filed because it was not filed within one year of this court's decision on direct appeal.

A hearing was held in the post-conviction court on January 4, 2012. At the outset hearing of the hearing, the post-conviction court acknowledged the State's answer seeking

dismissal of the petition as untimely. Defense counsel responded that his statute of limitations argument was two-fold:

> First, a judgment is a conviction and a sentence. The judgment in this case didn't become final, it's my contention, until January 28, 2010[,][1] when we entered the mandate with the Court of Criminal Appeals . . . .
>
> I can understand perhaps there's an argument that because an appeal was taken that I can't count that final judgment, but in theory, your Honor, the way the statute is written if, for some reason, the [c]ourt had not acted in accordance with what I thought the mandate said, I could have again appealed. . . . The judgment in this case didn't really become final until January 28th, 2010, when the mandate from the Court of Criminal Appeals altering the sentence, because the judgment by definition is both a conviction and sentence.
>
> Additionally, even if that's not the case, while the General is correct that the signed issued opinion came down July the 22nd, 2009, the final action . . . is the issuing of the mandate that orders the trial court to act as the appellate court orders.
>
> There's a 64[-]day stay on all Court of Criminal Appeals opinions in which either side has the opportunity to apply to the Supreme Court in which the mandate, if neither side applies, the mandate is then issued.[2]

The post-conviction court, in an effort "to save time[,]" reserved ruling on the timeliness issue, stating that the parties could later brief the issue if they so desired, and then heard proof on the merits of the petition. Only the Petitioner and trial counsel testified. After hearing the evidence presented, the post-conviction court denied the Petitioner's claims on the merits, noting that its decision "render[ed] moot the issue of the timeliness of the filing of the appeal." The prosecutor noted that he was not waiving the statute of limitations issue for the purposes of appeal and provided the post-conviction court with case law in support of his contention that the limitations period ran from the filing of the direct appeal opinion, not the mandate of this court. The post-conviction court asked the prosecutor if he desired to have a further hearing on the issue, to which the prosecutor replied that he did not.

---

[1] Counsel is presumably referring to when the trial court entered the corrected judgment forms as instructed by this court. However, those forms are not a part of the record on appeal.

[2] See Tennessee Rule of Appellate Procedure 42, governing issuance, stay, and recall of mandates from the appellate courts.

The post-conviction court observed that both sides would have the opportunity to brief the issue further on appeal, stating that a written response was no longer necessary for the post-conviction court. This timely appeal followed.

ANALYSIS

On appeal, the Petitioner contends that trial counsel failed to provide the effective assistance of counsel guaranteed him by the United States and Tennessee constitutions at trial and that the post-conviction court erred by excluding evidence of the co-defendants' plea agreements. Contrary to the post-conviction court's decision that the statute of limitations issue was "moot," we must address the timeliness of the petition as an initial matter. It is undisputed that "[n]o court shall have jurisdiction" to consider a time-barred petition unless it falls within one of the enumerated statutory exceptions, see Tennessee Code Annotated section 40-30-102(b), or is mandated by due process, see Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). "Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claim may properly occur." David Lackey v. State, No. M2004-00558-CCA-R3-PC, 2005 WL 1303124, at *2 (Tenn. Crim. App. May 31, 2005) (quoting Antonio L. Saulsberry v. State, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004), perm. app. denied, (Tenn. June 1, 2004)); see also Jason Earl Hill v. State, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *4 (Tenn. Crim. App. Feb. 16, 2006), perm. app. denied, (Tenn. Sept. 5, 2006).

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The statute provides that the limitations period "shall not be tolled for any reason, including tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a). Failure to file within the limitations period removes the case from the court's jurisdiction. Tenn. Code Ann. § 40-30-102(b).

The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. Tenn. Code Ann. § 40-30-102(b). None of those exceptions are raised by the Petitioner, and none were found by this court in its review of the record.

In addition to the statutory exceptions, our courts have recognized that due process requires that the statute of limitations be tolled in certain factual situations. Williams, 44 S.W.3d at 468. "[A] reasonable opportunity to have the claimed issue heard and determined" is inherent in due process. Sands v. State, 903 S.W.2d 297, 300 (Tenn. 1995) (quoting Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992)). Consequently, the statutory language cited above notwithstanding, due process may require tolling when circumstances beyond the petitioner's control preclude timely raising the post-conviction claims. Williams, 44 S.W.3d at 469. For example, due process may toll the statute of limitations when the petitioner is caught in a procedural trap, Burford, 945 S.W.2d at 208 (concluding due process tolled the limitations period when a petitioner's sentence was enhanced by a prior conviction which had been overturned); when the petitioner is the victim of his counsel's misrepresentation, Williams, 44 S.W.3d at 471 (remanding for a determination of misconduct); or when mental incompetence prevents timely filing, Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000).

In evaluating whether the statute of limitations should be tolled in the post-conviction setting based on due process concerns, we utilize the Sands three-step process:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands, 903 S.W.2d at 301. Determining whether due process requires an opportunity to present a claim involves considering:

> (1) the private interest at stake; (2) the risk of erroneous deprivation of the interest though the procedures used and the probable value, if any, of additional or substitute safeguards; and finally, (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Seals, 23 S.W.3d at 277.

In accordance with the three-step process outlined above, we first address when the limitations period would normally have begun to run. Here, the Petitioner, at different stages in these proceedings, has espoused two different bases for when the statute of limitations began to run in this case: (1) when the trial court entered the amended judgments on January 28, 2010, in accordance with this court's opinion following remand; or (2) when the mandate

of this court was entered, September 28, 2009. The post-conviction petition was filed within one year from either of these dates, having been filed on September 27, 2010; however, neither basis asserted by the Petitioner provides him with relief from the statute of limitations.

First, the Petitioner's argument that the statute began to run when the amended judgments were filed is without merit. Following oral argument in this case, the State provided supplemental case law, including the case of Barry N. Waddell v. State, No. M2001-00096-CCA-R3-CD, 2001 WL 1246393 (Tenn. Crim. App. Oct. 17, 2001), perm. app. denied, (Tenn. Apr. 8, 2002), to counter the Petitioner's proposition. Waddell filed a direct appeal to this court challenging his convictions for rape and aggravated sexual battery and his effective seventy-year sentence. On June 1, 1999, this court filed its opinion, reducing Waddell's sentence to sixty-six years. See State v. Barry Waddell, No. 01C01-9801-CR-00016, 1999 WL 343913, at *8 (Tenn. Crim. App. June 1, 1999). Thereafter, on August 17, 1999, the trial court entered the amended judgment form to reflect the action of the Court of Criminal Appeals. Waddell, incarcerated and proceeding pro se, mailed his petition for post-conviction relief on August 4, 2000, seeking a delayed appeal of a Rule 11 application. The post-conviction court summarily dismissed the petition as time-barred. On appeal to this court, Waddell argued that his petition was timely filed, but we disagreed. See Waddell, 2001 WL 1246393, at *1. We held that "the final action of the highest state appellate court to which an appeal was taken" was when this court filed its direct appeal opinion on June 1, 1999; thus, under the Post-Conviction Act, Waddell had one year from that date to file a petition for post-conviction relief. Id.

The Petitioner herein argues that his case differs from Waddell because in the Petitioner's direct appeal "this [c]ourt not only modified his sentence, but also modified one of his convictions and remanded [] his case to the trial court. In [Waddell,] this [c]ourt did not remand to the trial court, and therefore the entering of the amended judgment in that case was purely ministerial." This court's opinion in Waddell's post-conviction proceedings makes it clear that an amended judgment form was entered following remand. See Waddell, 2001 WL 1246393, at *1. The case was not remanded for any "additional proceedings" as such were unnecessary, simply the correction of the judgment. See id. Here, the entry of the amended judgments was also purely ministerial as this court remanded the case to the trial court with instructions to impose concurrent sentences for all convictions, to enter a judgment of conviction for aggravated burglary, and to impose a three-year sentence as to that offense; there was nothing left for the trial court's determination. We are not persuaded by the Petitioner's distinction.

Next, we turn to the Petitioner's allegation that the final action of this court was the issuance of its mandate. In the State's brief, the State cites to the case of David Lackey v.

State, No. M2004-00558-CCA-R3-CD, 2005 WL 1303124 (Tenn. Crim. App. May 31, 2005), to refute the Petitioner's assertion. Again, the State's argument is persuasive. In Lackey, our opinion affirming Lackey's convictions on direct appeal was filed on September 6, 2002, and no Rule 11 application for permission to appeal to the supreme court was filed. The mandate of this court, issued on November 12, 2002. We held that mandate of this court was not the final action of this court for purposes of the Post-Conviction Act. Lackey, 2005 WL 1303124, at *2 (citing Edward Pinchon v. State, No. M2003-00816-CCA-R3-PC, 2004 WL 193055, at *4 (Tenn. Crim. App. Jan. 28, 2004), perm. app. denied, (Tenn. May 10, 2004); Kenneth P. Bondurant v. State,[3] No. M2000-02287-CCA-R3-PC, 2002 WL 31487529, at *5 (Tenn. Crim. App. Oct. 30, 2002)); see also Tenn. R. App. P. 42. Therefore, according to the Lackey court, "the post-conviction statute of limitations began to run at the date of the final action of the 'highest state appellate court to which an appeal [was] taken,' which was the date our direct appeal opinion was filed, or September 6, 2002." Lackey, 2005 WL 1303124, at *2 (quoting Tenn. Code Ann. § 40-30-102(a)). This case present almost an identical factual scenario as in Lackey. The reasoning of the Lackey court is sound; it is the filing of this court's opinion on direct appeal, not the issuance of its mandate, that is the final action of this court.

We see no reason to depart from these holdings. We conclude that the "final action" of this court was the filing of its July 22, 2009 opinion, thus, triggering the one-year post-conviction statute of limitations. By September of the following year, when the Petitioner filed his petition, the limitations period had expired.

Reviewing the second factor of the Sands due process analysis, this court finds no later-arising ground to trigger due process concerns. The Petitioner's only ground for relief was ineffective assistance of counsel. This ground for relief existed at the time of the Petitioner's conviction and was known to him at that time. We must conclude that no claim now exists that could not have been raised during the one-year limitations period.

Additionally, addressing the third factor of Sands, whether due process considerations should toll the statute of limitations because the Petitioner may have been deprived by counsel of a reasonable opportunity to seek post-conviction relief, Williams provides guidance. See Williams, 44 S.W.3d at 471 (remanding for a determination of misconduct). In Williams, the petitioner averred that he believed trial counsel was continuing to represent him through the appeals process. Our supreme court remanded for an evidentiary hearing

_____

[3] At oral argument, Petitioner's counsel attempted to assail the reasoning of the Lackey court, stating that in both Pinchon and Bondurant, the petitioner's sought permission to appeal to the Tennessee Supreme Court, which, according to Petitioner's counsel, provided distinguishable sets of facts. However, contrary to the assertion of counsel, no permission to appeal was filed in the Bondurant case.

on grounds that the petitioner might "have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of counsel." Id. at 468.

Unlike Williams, this is not a case of attorney misconduct but simply one of an attorney's lack of knowledge of statute of limitations provisions. Petitioner's counsel at oral argument acknowledged that the Petitioner had notice of this court's July 22, 2009 opinion when it was mailed to the Petitioner by the court clerk. No Rule 11 application to the Tennessee Supreme Court was filed. According to counsel, amended judgments were entered on January 28, 2010, leaving still over six months from that date in which to file a petition for post-conviction relief. The Petitioner here had a reasonable opportunity to present his claims. The lack of knowledge of statute of limitations provisions does not excuse late filings. See Kenneth Smith v. State, No. W2003-01618-CCA-R3-PC, 2004 WL 989827, at *2 (Tenn. Crim. App. May 6, 2004) (citing Waddell, 2001 WL 1246393, at *3); Alex Skinner v. State, No. 02C01-9403-CC-0039, 1994 WL 369564, at *1 (Tenn. Crim. App. July 13, 1994), perm. app. denied, (Tenn. 1994).[4]

To accept any tolling argument in this case would effectively eviscerate our holding that the final action of this court is when its direct appeal opinion is filed, not when the mandate is issued or when amended judgment forms are filed in accordance with our order. Moreover, because none of the typical disputes regarding due process concerns are present here, a remand of this matter to the post-conviction court is unnecessary. In summary, we dismiss the Petitioner's appeal because we, like the post-conviction court did, lack jurisdiction due to the Petitioner's untimely filing of his petition for post-conviction relief.

## CONCLUSION

Based upon the foregoing, we conclude that the petition was untimely filed and, therefore, lack jurisdiction to entertain the petition on the merits. The appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[4] At this juncture, we feel compelled to note that "there is no constitutional duty to provide post-conviction relief procedures." Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004) (citing Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)). Post-conviction relief is a statutory creation and, therefore, subject to the discretionary limitations of the legislature. Id. Furthermore, a post-conviction petitioner has no right to effective representation at post-conviction proceedings. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995) ("[T]he scope of the right to counsel is limited and applies only through the first appeal as of right. It does not apply to post-conviction relief.") (citing Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987)).